Walter R. Dahl, Bar No. 102186 [wdahl@DahlLaw.net]
Candy Dahl, Bar No. 186031 [cdahl@DahlLaw.net]
**DAHL & DAHL**
ATTORNEYS AT LAW
2304 "N" Street
Sacramento, CA 95816-5716

Telephone: (916) 446-8800
Telecopier: (916) 446-1634

Attorneys for Hank M. Spacone,
Chapter 11 Trustee

FILED APR 25 2005
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| In Re:<br><br>**Gavrilo N. Spaich**<br><br>P. O. Box 37, Live Oak, CA 95953<br>TIN: xxx-xx-9726<br><br>　　　　　　　　　Debtor(s). | Case No.:　04-24880-B-11<br>DC No.:　　DD-7<br><br>Date:　　April 6, 2005<br>Time:　　10:30 a.m.<br>Dept:　　B; Courtroom 33<br>Place:　　501 I Street, 6th Floor<br>　　　　　Sacramento, CA 95814 |

**FINDINGS OF FACT AND CONCLUSIONS OF LAW
IN SUPPORT OF ORDER CONFIRMING
TRUSTEE'S FIRST AMENDED
PLAN OF REORGANIZATION**

Hearings on the confirmation of Trustee's First Amended Plan of Reorganization Dated February 8, 2005 filed by Hank M. Spacone, Chapter 11 Trustee ("Trustee") were held on March 9, 2005 at 10:30 a.m. and on April 6, 2005 at 10:30 a.m. in Department B before the Honorable Jane D. McKeag.

W. Austin Cooper appeared on behalf of Debtor, Gavrilo N. Spaich. Walter R. Dahl and Candy Dahl appeared on behalf of Trustee. Stephen C. Seto appeared on behalf of World Savings Bank. J. Russell Cunningham appeared on behalf of Susan K. Smith, Chapter 11 Trustee for the Estate of Spaich Farms, Inc. David Lally appeared on behalf of Washington Mutual Bank. James Lewin appeared on

RECEIVED
April 21, 2005
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0000157171

behalf of EMC, fka LaSalle National Bank. Other appearances were as noted on the record.

The court having considered Trustee's First Amended Plan Dated February 8, 2005 ("the Plan"), Trustee's Disclosure Statement filed on November 2, 2004 ("the Disclosure Statement"), Declaration of Hank M. Spacone in Support of Confirmation of First Amended Chapter 11 Plan, World Savings Bank's Supplemental Brief re: Debtor's Discharge Pursuant to 11 U.S.C. § 1141(d)(3), Chapter 11 Trustee Susan K. Smith's Brief in Support of Denial of Discharge, the other pleadings of record within Debtor's Chapter 11 case, the evidence presented at hearing, and the arguments and statements of counsel at hearing, the evidence received, testimony taken, and findings of fact and conclusions of law made in the trial of *Susan K. Smith, Trustee v. Gavrilo N. Spaich*, Adversary Proceeding No. 04-2294-B, and being fully advised in the premises, makes the following findings of fact and conclusions of law:

1. Due and proper notice of the hearing on confirmation of the Plan, and adequate opportunity to cast a ballot on the Plan was given to all creditors and parties-in-interest.

2. The classification of claims and interests is in accordance with 11 U.S.C. § 1122 and contents of the Plan comply with the requirements of 11 U.S.C. § 1123(a).

3. Any solicitation of acceptances of the Plan by Trustee was in accordance with the disclosure requirements set forth in 11 U.S.C. § 1125.

4. Trustee's prosecution of Debtor's Chapter 11 reorganization case was in good faith.

5. During the administration of Debtor's Chapter 11 case, Trustee has timely complied with all substantive and procedural requirements imposed upon him as Chapter 11 Trustee.

6. The Plan was proposed in good faith and not by any means forbidden by law.

7. The Plan was accepted by all classes of creditors.

8. All payments for services or expenses with respect to the Plan and the case have been approved by, or are subject to the approval of, the court as reasonable.

9. The identity and affiliations of any individual proposed to serve after confirmation of the Plan as a director, officer or voting trustee of the Debtor has been disclosed in the Disclosure Statement. The service by such persons is consistent with the interests of creditors and equity security holders and with public policy.

10. No governmental regulatory commission has jurisdiction over the rates of Debtor.

11. Each holder of an impaired claim or interest of each class has either accepted the Plan or will receive under the Plan property having a value not less than what the holder would be entitled to receive if the Debtor were liquidated under Chapter 7 of the Code on the Effective Date of the Plan.

12. Except to the extent that a holder of a particular claim has agreed to a different treatment of such claim, the Plan provides that:

    a. The holders of administrative claims shall receive on the Effective Date of the Plan, cash equal to the allowed amount of such claim; and,

    b. With respect to the holders of certain priority claims specified under 11 U.S.C. § 507(a)(3), 507(a)(4), 507(a)(5), 507(a)(6), or 507(a)(7), each class has accepted the Plan and will receive deferred cash payments of a value, as of the Effective Date of the Plan, equal to the allowed amount of their claims; and,

    c. With respect to the holders of certain tax claims specified under 11 U.S.C. § 507(a)(8) each holder will receive deferred cash payments over a period of not more than six years after assessment of such claims, with a present value equal to the allowed amount of their claims; and,

    d. At least one impaired class of claims has accepted the Plan.

13. The Plan is feasible in that it is a liquidating plan.

14. The Plan provides for the payment of fees as required under 28 U.S.C. § 1930.

15. Pursuant to 11 U.S.C. § 1141, confirmation of the Plan does not discharge Debtor because:

    a. The Plan is a liquidating plan;

    b. The Debtor is not continuing in business as defined in 11 U.S.C. § 1141(d)(3)(B);

    c. The Debtor would be denied a discharge under section 727(a) of the Bankruptcy Code if the case were a case under Chapter 7 of the Bankruptcy Code. [The court made that factual finding in Adversary Proceeding No. 04-2294-B, Susan K. Smith v. Gavrilo N. Spaich, order entered February 2, 2005.]

/ / /

/ / /

/ / /

/ / /

16. All classes of claims and interests have accepted the Plan, and thus confirmation pursuant to 11 U.S.C. §1129(a) is appropriate.

Dated: 4/28/05

_____
UNITED STATES BANKRUPTCY JUDGE

Approved as to form:

Dated:_____

COOPER LAW OFFICES

By: _____
　　W. Austin Cooper
Attorneys for Debtor

Dated:_____

MILLER, STARR & REGALIA

By: _____
　　Stephen C. Seto
Attorneys for Creditor World Savings Bank

Dated: _____

DESMOND, NOLAN, LIVAICH & CUNNINGHAM

By: _____
　　J. Russell Cunningham
Attorneys for Susan K. Smith, Chapter 11 Trustee
for the Estate of Spaich Farms Inc.